**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**PERRY LUCIOUS KING, Defendant**

Criminal No. 529/1994

Territorial Court of the Virgin Islands

Div. of St. Croix

March 3, 1995

OLIVER DAVID, ESQ., (Assistant Attorney General, Department of Justice), St. Croix, V.I., *for plaintiff*

JEFFREY MOORHEAD, ESQ., St. Croix, V.I., *for defendant*

ANDREWS, *Judge*

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

This Court is beckoned to rule upon a case of first impression in Virgin Islands courts. The key issues presented are:

1) Whether, in light of 23 V.I.C. § 470, "possession for more than twenty four (24) hours" is an essential element of the crime of unauthorized possession of a firearm under 14 V.I.C. § 2253(a); and

2) Whether "possession for less than 24 hours" is an affirmative defense to that same offense?

Piloting a motion to dismiss, the defendant launches a direct frontal attack upon a charge of unauthorized firearm possession. He argues that: 1) 23 V.I.C. § 470 authorizes anyone to possess a firearm for up to 24 hours thus "possession for more than 24 hours" is an essential element of unauthorized possession under 14 V.I.C. § 2253, which the government must prove; and 2) There is insufficient evidence to establish that element. The Government counters that, "possession for more than 24 hours" is not an element, rather, "possession for less than 24 hours" is an affirmative defense, the burden of which must be borne by the defendant. While not openly admitting inability, the Government concedes that proving "possession for more than 24 hours" would be extremely difficult. Government's Response, Pg. 4. For the forthcoming reasons, this Court holds that: 1) "possession for more than twenty (24) hours" is not an essential element of the crime of unauthorized possession under 14 V.I.C. § 2253(a); and 2) "possession for less than twenty (24) hours" is an affirmative defense for individuals who acquire firearms while in the Virgin Islands or who bring firearms into the Virgin Islands upon entering, with the intent to register them.

## FACTUAL BACKGROUND[1]

During the night on August 11, 1994, Perry Lucious King, the defendant herein, and Evastus LaForce, King's cousin, were observed by police officers walking along the streets of Christiansted in a suspicious manner. They entered Hondo's night club. King presented police credentials and informed the door guard that he was carrying a firearm. The police followed both men into Hondo's. After learning from the door guard that one of them, ie., King, had a weapon, they approached the two men. King ex-

---

[1] Both parties, through counsel, proffered facts and referred to their respective memoranda at the hearing on the motion to dismiss. Therefrom, this Court made factual findings necessary to determine the legal issues raised. F. R. Crim. P. Rule 12(e); See United States v. Shortt Accountancy Corporation, 785 F.2d 1448, 1452 (9th Cir. 1986). The essential operative facts are not in dispute.

plained that he was on leave from the St. Lucia Police Department for the past three months, and that he was carrying a gun which was not registered on St. Croix. The police escorted both men to the police station. While there, King turned the weapon over to the police and explained that the weapon was his and that his cousin was not involved with it. A preliminary investigation revealed that King: 1) was on leave due to disciplinary action; 2) had failed to return from his leave; and 3) would be subject to charges of treason upon his return to St. Lucia. He was placed under arrest for possession of an unauthorized firearm. Subsequently, he retracted his statement and said that the weapon belonged to his cousin who had slipped it into his jacket pocket upon entering Hondo's that night. He explained that patrons of Hondo's were being scanned upon entry. Therefore, he used his credentials as a police to solve a difficult problem. According to this second statement, his entire possession of the firearm was less than twenty minutes.

## LEGAL ANALYSIS

### 1) Jurisdiction

■ As a preliminary matter, it is appropriate to consider whether jurisdiction exists to rule on the motion to dismiss. Although not labeled as such, the motion must be considered as made pursuant to F.R.Crim.P.Rule 12(b). That rule permits a party to raise before trial, "any defense, objection, or request which is capable of determination without the trial of the general issue". F.R.Crim.P. Rule 12(b). The rule however, should not be used to determine evidentiary questions. United States v. Knox, 396 U.S. 77, 90 S.Ct. 363, 367 n. 7, 24 L. Ed. 2d 275 (1969). Thus the sufficiency of an information "may not be properly challenged by a pretrial motion on the ground that it is not supported by adequate evidence". United States v. Gallagher, 602 F.2d 1139, 1142 (3d Cir. 1979).

■ Here, King asserts that the evidence is insufficient to establish an offense element. However, the operative facts are undisputed and the government did not object to the Court's consideration of those facts. Thus the motion presents essentially questions of law capable of pretrial determination. Under these rare circum-

stances, jurisdiction to proceed on a Rule 12(b) motion exists. See United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 1561, 23 L. Ed. 2d 94 (1969) (Stating that issue was "capable of determination" pretrial since trial of facts surrounding offense would be of no assistance in deciding validity of defense); See also United States v. Hall, 20 F.3d 1084, 1088 (10th Cir. 1994) (Holding that trial court, in limited circumstances, could entertain motion to dismiss on ground that, as a matter of law, government could not prove its case beyond a reasonable doubt).

Further, a ruling on the legal issues raised by the motion may well facilitate pretrial disposition of this case. Courts are encouraged to entertain pretrial motions capable of determination without a trial of the general issue to conserve judicial resources and facilitate pretrial dispositions. See United States v. Levin, 973 F.2d 463, 467-468 (6th Cir. 1992) (Acknowledging district court's authority to entertain motion to dismiss where legal issues raised and could be determined without trial on general issue, and operative facts were undisputed). Accordingly, this Court concludes that it possesses the necessary authority to entertain the motion to dismiss.

### 2) Construction of 14 V.I.C. § 2253

The issues raised by the parties require construction of the statutes involved. Such a task necessarily begins with an examination of the statutory language and design, and a presumption that the legislature's intent is manifested through the ordinary meaning of the words chosen. Crandon v. United States, 494 U.S. 152, 110 S.Ct. 997, 1001, 108 L. Ed. 2d 132 (1990); Government of the Virgin Islands v. Knight, 989 F.2d 619, 633 (3d Cir. 1993). An analysis of available legislative history and of the parties' relative abilities to present evidence of the asserted element or exception is also appropriate. United States v. Durrani, 835 F.2d 410, 420 (2nd Cir. 1987). Further, this Court will construe the statutes sensibly and avoid constructions which yield absurd or unjust results. United States v. Turkette, 452 U.S. 576, 101 S.Ct. 2524, 2527, 69 L. Ed. 2d 246 (1981); Government of the Virgin Islands v. Berry, 604 F.2d 221, 225 (3d Cir. 1979). Guided by these principles, the construction commences.

The possession of firearms in the Virgin Islands is governed by: 1) Title 23, Chapter 5, Virgin Islands Code which is entitled "Control of Firearms and Ammunition"; and 2) Title 14, Chapter 113, Virgin Islands·Code which is entitled "Weapons". 23 V.I.C. § 451-488; 14 V.I.C. § 2251-2255. These statutes deal with the same subject matter and refer to each other.[2] As such, they are in pari materia and must be read together in a harmonious manner. Negonsolt v. Samuels; 933 F.2d 818, 819 (10th Cir. 1991); Linquist v. Bowen, 813 F.2d 884, 888 (8th Cir. 1987).

The charge in this case reads:

> PERRY KING, while not authorized by law, did possess a firearm, to wit: a .38 caliber Smith & Wesson revolver, in violation of 14 V.I.C. 2253(A).

The applicable statute provides in pertinent part:

> Carrying of firearms; openly or concealed; evidence of intent to commit crime of violence; definitions
>
> (a) Whoever, *unless otherwise authorized by law*, has, possesses, bears, transports or carries either openly or concealed on or about his person, or under his control in any vehicle of any description any firearm, as defined in Title 23, section 451(d) of this code, loaded or unloaded, may be arrested without a warrant, and shall be sentenced to imprisonment for not less than six months nor more than three years and shall be fined not more than $5,000 . . . (Emphasis supplied). 14 V.I.C. § 2253(a).

It is axiomatic that due process requires that the government prove each and every element necessary to constitute the crime charged beyond a reasonable doubt to convict a defendant. Victor v. Nebraska, 127 L. Ed. 2d 583, 114 S.Ct. 1239, 1242 (1994); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 1073, 25 L. Ed. 2d 368 (1970).

---

[2] Chapter 5, Title 23 contains a direct reference to Chapter 113, Title 14, Section 2253. See 23 V.I.C. § 455(e). It also contains, as this Court so interprets, an indirect reference to 14 V.I.C. § 2253(a), ie. the reference relied upon by the defendant herein. See 23 V.I.C. § 470(c) (providing that, "no prosecution shall lie against the person for *unlawful possession of the firearm* or ammunition"). (Emphasis supplied).

Similarly, Chapter 113, Title 14 contains direct references to Chapter 5, Title 23. See 14 V.I.C. § 2253(c) and § 2253(d).

The question thus arises: whether "lack of authorization" is an element necessary to constitute the crime charged? This Court thinks not.

■ First, the statute is entitled "Carrying of firearms, openly or concealed . . .". It permits the arrest, *without a warrant*, of individuals who carry firearms. Often times individuals remain silent upon arrest. Thus, in the typical case, an arresting officer would find it difficult, if not impossible to verify, with any appreciable degree of certainty, an arrestee's authority to possess a firearm. Yet, pursuant to 23 V.I.C. § 488(b), an officer may seize a firearm and arrest the possessor if he or she is unable to produce proof of authorization on demand. 23 V.I.C. § 488(b). Read together, the plain language of the statutes suggests a legislative intent to make the mere carrying of a firearm illegal.[3]

■ Second, the offense can be clearly defined without reference to the "unless otherwise authorized by law" clause. The statute generally punishes, "whoever has, possesses . . . any firearm". The elements which constitute the offense are that: 1) the defendant possessed, carried, etc. the item "openly" or "on or about the person"; and 2) the item in question is a "firearm".[4] In other words, everyone is prohibited from possessing a firearm, unless he or she

---

[3] Further, Title 23 provides that "No person shall have, possess . . . a firearm within the Virgin Islands . . . except in compliance with the provisions of this chapter". 23 V.I.C. § 452. This language likewise indicates an intent to generally proscribe the carrying of firearms.

[4] This Court is mindful that the Third Circuit and Virgin Island District Courts have previously held that 14 V.I.C. § 2253 requires proof that the firearm was carried illegally or that the user was unauthorized to possess it. United States v. Xavier 2 F.3d 1281, 1289 (3d Cir. 1993); Government of the Virgin Islands v. Ramos, 730 F.2d 96, 98 (3d Cir. 1984); Government of the Virgin Islands v. Dowling, 633 F.2d 660, 670 (3d Cir. 1980); United States v. Blyden, 740 F.Supp. 376, 380 (V.I.D.C. 1990). Pursuant to F.R.E. 201(b), judicial notice is hereby taken that proof of such illegal possession has consistently been established, since the offense was created, by introducing evidence of absence of a license. The practice is so prevalent that the offense has sometimes been labeled as "possession of an unregistered or unlicensed firearm". See Government of the Virgin Islands v. Castillo, 550 F.2d 850, 851 (3d Cir. 1977) (Stating that the defendant was convicted of "carrying an unregistered firearm"); Government of the Virgin Islands v. Sealey, 18 V.I. 425, 427 (D.C.V.I. 1981) (Referring to offense as "simple possession of an unlicensed firearm"). Neither the exception at issue here, nor any of the others encompassed in the "unless otherwise authorized by law" clause, except the existence of a license, was present in the cases mentioned above. This case is thus factually dissimilar to those cases. At most, they hold that the government must produce evidence of absence of a license and that such evidence suffices to establish "lack of authorization". Nothing in those cases suggests that the government must prove the

84

falls within an exception in the clause. Those exceptions are not so intertwined with the rest of the statute as to constitute part of the definition of the offense. Mackall v. State, 283 Md. 100, 387 A.2d 762, 769 (Md. 1978). They do not negative any of the facts required to prove mere possession of a firearm. Patterson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 2325, 53 L. Ed. 2d 281 (1977). Under these circumstances, the "unless otherwise authorized by law" clause represents affirmative defenses which must be proved by the defendant. Id. at 2325; Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 176, 83 L. Ed. 151 (1938); United States v. Beason, 690 F.2d 439, 445 (5th Cir. 1992) (Stating that exceptions are generally affirmative defenses where reference to them is unnecessary to define elements of the offense); MacKall, 387 A.2d at 769; Queen v. United States, 64 App. D.C. 301, 77 F.2d 780, 782 (D.C. 1935).

■ Third, the authorization clause is set off by the word "unless", which means "except on the condition that" or "under any other circumstances than". Webster's New Collegiate Dictionary 1280 (1974). The strategic placement of that term indicates a proviso intended to modify the general prohibition against carrying firearms. Commonwealth of Pennsylvania v. Bigelow, 484 Pa. 476, 399 A.2d 392, 395 (Pa. 1979); See also United States v. Forbes, 169 U.S. App. D.C. 217, 515 F.2d 676, 680 (D.C. Cir. 1975) (Holding that "unless" clause establishes a defense in prosecution for simple drug possession under 18 U.S.C. 844(a)). Matters placed in a proviso are not elements of the offense, but matters of defense which the government need neither plead nor prove. Bigelow, 399 A.2d at 395. As the Supreme Court stated in Mckelvey,

By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and it is incumbent on one who relies on

inapplicability of every exception included in the clause, and such proof has never been required. Thus precedent requires proof of only one exception, ie., the absence of a license. This opinion is not intended to imply that such proof is no longer required. The ultimate holding, ie., "possession for more than 24 hours need not be proved by the government" is therefore, not inconsistent with the stated precedent.

such an exception to set it up and establish it. *McKelvey v. United States*, 260 U.S. 353, 43 S.Ct. 132, 134, 67 L. Ed. 301 (1922).

Here, a long list of exceptions are included in the proviso "unless otherwise authorized by law".[5] The legislature could not have intended to place such a near impossible burden on the government of proving the inapplicability of each exception to establish a violation.

■ Finally, a review of the statute's evolution reveals a consistent increase in the severity of the penalty for unlawful possession.[6] This demonstrates an intent to deal seriously with and curb

---

[5] When the Virgin Islands Code was enacted in 1957, unlawful possession was penalized under 14 V.I.C. § 2252 which read, "Whoever has or carries concealed upon his person any pistol, revolver or other firearm, *without a written license therefor*, shall be . . ." 14 V.I.C. § 2252 (1957-68) (Emphasis supplied). The only exception in the charging statute was the existence of a license. All other exceptions were listed separately in 14 V.I.C. § 2253. The 1968 Amendments combined the license exception and those formerly listed under Section 2253 into one category, i.e., "unless otherwise authorized by law" and penalized possession under 23 V.I.C. § 477 (now 14 V.I.C. § 2253). 23 V.I.C. § 477 (1968-1974).

The exceptions currently included in the "unless otherwise authorized by law" clause are scattered throughout Title 23 as follows:
  1) Individuals issued licenses by the V.I. Police Commissioner, 23 V.I.C. § 454;
  2) Certain visitors and transients licensed by any U.S. state or territory to carry firearms, and certain travelling peace officers authorized to carry firearms by any U.S. state or territory, 23 V.I.C. § 460;
  3) Individuals exempt from licensing requirements pursuant to 23 V.I.C. § 453(a), that is—
    a. United States soldiers;
    b. United States employees federally authorized to carry firearms;
    c. Persons engaged in fulfilling certain U.S. defense contracts;
    d. Virgin Islands peace officers; and
    e. Virgin Islands jail warden and guards; and
  4) Individuals who acquire firearms while in the Virgin Islands or who bring firearms into the Virgin Islands upon entering, with the intent to license them, and who report such receipt within 24 hours after receipt, 23 V.I.C. § 470. (See explanation of this exception in main text under Legal Analysis, Part 4).

The legislature could not have intended to place such a near impossible burden on the government of proving the inapplicability of each exception to establish a violation.

[6] When first enacted in 1957, the offense of illegal possession was codified at 14 V.I.C. § 2252. It penalized the carrying of firearms without a written license by imprisonment for up to one year (except up to 5 years for felons). 14 V.I.C. § 2252 (1957-1968). The offense was recodified in 1968 at 23 V.I.C. § 477, and amended to provide a penalty of up to five years if the firearm was possessed during a violent crime. 1968 V.I. Sess. Laws 222. The statute was amended in 1972 to provide a *mandatory minimum* penalty of two and one half years for possession during a violent crime. 1972 V.I. Sess. Laws 469. In 1974, the offense was recodified at 14 V.I.C. § 2253 and provided an increase penalty of up to two years for simple firearm possession. 1974 V.I. Sess. Laws 99. Finally, in 1983, the penalty

an apparent rise in the illegal possession and use of firearms. This intent would be shattered if illegal possessors could escape conviction by merely claiming that the government failed to prove how long they had possession. To require such proof would yield absurd results and unduly stifle effective enforcement of the statute. The exceptions are thus affirmative defenses.[7]

"Proof of the nonexistence of all affirmative defenses has never been constitutionally required". Patterson, 97 S.Ct. at 2327. Such defenses require that a defendant initially produce some evidence to put the exception in issue. Thereafter the government carries the burden of proving beyond a reasonable doubt that the exception does not apply. United States v. Smith, 981 F.2d 887, 892 (6th Cir. 1992); United States v. Durrani, 835 F.2d 410, 420 (2nd Cir. 1987). Thus the ultimate burden of persuasion remains with the government once the defendant produces sufficient evidence that the exception applies.

### 3) *Constitutionality of Affirmative Defense*

■ It is not unconstitutional to allocate the burden of proving affirmative defenses on defendants so long as it is reasonable and fair. Patterson, 97 S.Ct. at 2322. Here, the government must initially prove that the defendant *possessed* a *firearm*. Balancing the convenience and opportunities for knowledge, it is far easier for the defendant to know of, and prove, the existence of the defense asserted in this case, i.e., possession for less than 24 hours. On the

---

for simple firearm possession increased to a maximum of three years and a *mandatory minimum* of six months. 1983 V.I. Sess. Laws 79. The penalty for possession during a violent crime increased to a maximum often years and a *mandatory minimum* of five years was imposed. *Id.*

[7] Other jurisdictions with similar statutory structures have held likewise. Logan v. United States, 489 A.2d 485, 492 (D.C. 1985) (Stating that structure of District of Columbia statute clearly shows that possession is presumptively unlawful and exceptions listed after word "unless", are exceptions); Commonwealth v. Bigelow, 484 Pa. 476, 399 A.2d 392, (Pa. 1979) (Holding that Pennsylvania legislature must have intended subsections in 18 Pa.C.S.A. § 6108 (1973) to be treated as affirmative defenses where statute read, "No person shall carry a firearm, . . . unless: 1) such person is licensed to carry a firearm; or 2) such person is exempt from licensing . . ."); Commonwealth v. Jones, 372 Mass. 403, 361 N.E.2d 1308, 1311 (Mass. 1977) (Interpreting Massachusetts statute as creating exceptions which are affirmative defenses where statute read, "Whoever, except as provided by law carries on his person . . . a firearm . . . without having in effect a license issued under G.L. c. 140, § 130 or § 131F, or complying with G.L. c. 269, § 12B.)

other hand, the government would find it extremely difficult in almost every instance to establish that fact. It is thus reasonable to require the defendant "to repel what has been proved with excuse or explanation" after the government has established its initial burden. California v. Morrison, 291 U.S. 82, 54 S.Ct. 281, 284, 78 L. Ed. 664 (1934). Consequently the casting of the burden on the defendant to prove that his possession was less than 24 hours is within constitutional limits.

### 4) *Construction of 23 V.I.C. § 470*

The defense asserted in this case, that is, possession for less than 24 hours, falls within the "unless otherwise authorized by law" category. As such it is an affirmative defense as explained above. The statute provides in its entirety:

Report of firearms purchased outside or brought into the Virgin Islands; fees; penalty

(a) *Any person other than a licensed dealer, who purchases or otherwise obtains any firearms or ammunition from any source within or outside of the Virgin Islands shall report such fact in writing or in person to the Commissioner within 24 hours after receipt of the firearm or ammunition,* furnishing a complete description of the firearm or ammunition purchased or otherwise obtained. He shall also furnish his own name, address, date of birth and occupation. (Emphasis supplied).

(b) Any person upon entering the Virgin Islands bringing with him any firearm or ammunition shall report in writing or in person to the Commissioner within 24 hours of his arrival, furnishing a complete description of the firearm or ammunition brought into the Virgin Islands. He shall also furnish his own name, address, date of birth and occupation.

(c) In the event the person reporting under subsections (a) or (b) above, is qualified for a license to carry firearms in the Virgin Islands, the Commissioner shall issue the same, upon payment of the proper fee, and the firearm shall be registered in the Weapons Register provided for in section 469 of this chapter. If the person is not qualified for a license then the Commissioner shall retain the firearms or ammunition for disposition in

accordance with the provisions of section 475 of this chapter; *but no prosecution shall lie against the person for unlawful possession of the firearm or ammunition.* (Emphasis supplied).

(d) Any person who fails to comply with this section shall be punished as provided in section 484 of this chapter. 23 V.I.C. § 470(a-d).

█ An examination of the statute reveals, and this Court so concludes, that it is intended to immunize, from prosecution, persons who acquire firearms *with the intent to register them (ie., to own them legally).* Sections (a) and (b) require reporting within one day of receipt of, or arrival with, a firearm. Section (c) states that a license shall issue in the event that the person reporting under subsections (a) or (b) qualifies and pays the proper fee. It continues that the Commissioner shall keep the firearm if the person does not qualify for a license. Lastly, Section (c) provides that no prosecution for unlawful possession shall lie against the person who fails to qualify for a license. That provision, the Court concludes, refers to prosecution under 14 V.I.C. § 2253(a).[8] The design of the statute thus indicates an intent to apply only to potential firearm owners.

This conclusion is further buttressed by the requirements in Sections (a) and (b) that a description of the firearm be provided. It is unnecessary and senseless to impose such a requirement on persons who have no interest in ownership and who wish merely to surrender firearms. The heading of the statute, "Report of firearms purchased outside or brought into the Virgin Islands: fees; penalty" also lends support to the Court's construction.[9] Generally

---

[8] When 23 V.I.C. § 470(c) was enacted in 1968, unlawful possession of firearms was prosecuted under 23 V.I.C. § 477. Since both statutes appeared in the same title, there was hardly any reason to cite the applicable section for unlawful possession. See 23 V.I.C. § 477 (1968-1974). In 1974, 23 V.I.C. § 4477 was repealed and replaced with 14 V.I.C. § 2253. 1974 V.I. Sess. Laws 99. No amendment to section 470(c) was made to specifically refer to 14 V.I.C. § 2253. In another section similar to that in 23 V.I.C. § 470(c) however, the legislature provided for immunity from prosecution for firearm possession during a violent crime and referred specifically to 14 V.I.C. § 2253. See 23 V.I.C. § 455(e). That section, ie., 23 V.I.C. § 455(e), was added in 1983 when unlawful possession was already transferred to Title 14, thereby creating a need for more specificity. Accordingly, the offense mentioned in 23 V.I.C. § 470, ie., unlawful possession, logically refers to prosecutions under 14 V.I.C. § 2253.

[9] When Section 470(a) was enacted in 1968, it applied only to firearms purchased or otherwise obtained from any source "outside" of the Virgin Islands. 23 V.I.C. § 470(a) (1968-1973). In 1973, it was amended and made applicable to firearms purchased or

people who purchase firearms while in the Virgin Islands or who bring firearms into the Virgin Islands (other than licensed dealers to which the statute does not apply) intend to own them. The word "fees" in the heading refers to registration fees, which are chargeable only to potential owners. See 23 V.I.C. § 470(c). Thus, contrary to King's contention, Section 470 is not a refuge for all who desire to possess a gun for less than a day. Instead, it applies only to those persons who acquire firearms for the purpose of registering and owning them lawfully. Such persons are immunized from prosecution for unauthorized possession under 14 V.I.C. § 2253(a) if they report the firearm within 24 hours of receipt, or arrival in the Virgin Islands, as provided in the statute.

## CONCLUSION

For the reasons outlined above, this Court holds that "possession for more than 24 hours" pursuant to 23 V.I.C. § 470 is not an element of the offense of carrying a firearm under 14 V.I.C. § 2253(a). Instead, "possession for less than 24 hours" is one of the exceptions included in the "unless otherwise authorized by law" clause. That exception constitutes an affirmative defense applicable to those individuals who acquire firearms or bring them into the Virgin islands with the intent of registering them. The Government then, need not initially prove that King possessed the firearm in question for more than 24 hours. Accordingly, the motion to dismiss will be denied.

## ORDER

In accordance with the Opinion above, it is hereby

ORDERED that the defendant's motion to dismiss shall be and is DENIED.

---

otherwise obtained from any source "within or outside" of the Virgin Islands. See Amendments following 23 V.I.C. § 470(a). The legislature did not change the heading of the statute to reflect the "within" language. Nevertheless, the amendment does not affect the Court's reasoning.