**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-7060

JACKIE ROBINSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-95-154-5-1-H, CA-96-372-5-H)

Submitted: April 14, 1998

Decided: May 14, 1998

Before WILKINS and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Jackie Robinson, Appellant Pro Se. Christine Blaise Hamilton,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jackie Robinson appeals the district court's order denying his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) motion. We deny a certificate of appealability and dismiss the appeal.

Robinson pleaded guilty to conspiracy to possess with intent to distribute crack cocaine, 21 U.S.C.A. § 846 (West Supp. 1998), and possession of a firearm in connection with a drug trafficking offense, 18 U.S.C.A. § 924(c)(1) (West Supp. 1998). He received concurrent sentences of forty-eight months for these offenses. He also received a special assessment of $50 for each offense. In his § 2255 motion, Robinson claimed that his guilty plea cannot stand in light of Bailey v. United States, 516 U.S. 137 (1995), because he did not "use" the firearm within the contemplation of Bailey.

The district court invoked the concurrent sentence doctrine and did not address the merits of Robinson's claim. Under that doctrine, if a defendant receives concurrent sentences on several counts and the conviction on one count is valid, the validity of the other convictions need not be considered so long as no collateral consequences will follow from the unreviewed, challenged convictions. See United States v. McKie, 112 F.3d 626, 628 n.4 (3d Cir. 1997); United States v. Hudacek, 24 F.3d 143, 145 n.1 (11th Cir. 1994). However, the doctrine is inapplicable in situations where the defendant received, in addition to concurrent terms of imprisonment, cumulative monetary assessments pursuant to 18 U.S.C.A. § 3013 (West 1994 & Supp. 1998). See Ray v. United States, 481 U.S. 736, 737 (1987); McKie, 112 F.3d at 628 n.4. Because Robinson received a special assessment of $50 on each conviction, resolution of this case on the basis of the concurrent sentence doctrine was error.

The criminal information charged Robinson with possession of a firearm in connection with the crack conspiracy. In his plea agreement, Robinson agreed to plead guilty to conspiracy and to "use" of a firearm during a drug trafficking offense. At Robinson's Fed. R. Crim. P. 11 hearing, the district court inquired whether Robinson did "carry" a firearm during the period of the conspiracy. Robinson

2

answered affirmatively. When the court asked whether Robinson was guilty of the offense, Robinson replied that he was. The record reveals, and Robinson in his motion admits, that he was arrested when attempting to sell crack to an undercover agent. Robinson had a loaded .38 caliber revolver on his person when he was arrested.

"Use" of a firearm under § 924(c)(l)"requires evidence sufficient to show an <u>active employment</u> of a firearm by a defendant, a use that makes the firearm an operative factor in the predicate offense." <u>Bailey v. United States</u>, 516 U.S. at 143 (emphasis in original). Robinson clearly did not use the firearm in question. However, the statute also criminalizes the carrying of a firearm in connection with a drug trafficking offense. <u>See</u> 28 U.S.C. § 924(c)(1). Robinson's possession of a loaded firearm while he attempted to sell crack to the agent satisfies the "carry" prong of § 924(c)(1). <u>See United States v. Mitchell</u>, 104 F.3d 649, 653 (4th Cir. 1997) ("`carry' . . . requires knowing possession and bearing, movement, conveyance, or transportation of the firearm in some manner").

Because Robinson confirmed at sentencing that he carried the firearm, we conclude that any <u>Bailey</u>-related error at the Rule 11 proceeding was harmless. <u>See United States v. Goins</u>, 51 F.3d 400, 402 (4th Cir. 1995); <u>see also</u> Fed. R. Crim. P. 11(h). There is no reason to invalidate Robinson's guilty plea. We therefore deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

3