NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4039
_____

NICKIE R. LOGAN,
                                        Appellant

v.

DISTRICT ATTORNEY ALLEGHENY COUNTY; SUPERINTENDENT
HUNTINGDON SCI

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-15-cv-01699)
District Judge: Hon. Joy Flowers Conti
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 4, 2018
_____

Before: SHWARTZ, SCIRICA, and ROTH, Circuit Judges.

(Filed: November 19, 2018)

_____

OPINION*
_____

SHWARTZ, Circuit Judge.

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Nickie Logan, a state inmate confined at Huntingdon SCI, appeals from an order of the United States District Court for the Western District of Pennsylvania dismissing his habeas petition under 28 U.S.C. § 2254.  For the reasons that follow, we will affirm.

I

Logan was convicted of thirteen criminal offenses and eight summary offenses in connection with a series of car thefts.[1]  Among his convictions were one count of receiving stolen property in violation of 18 Pa. C.S.A. § 3925(a) and one count of theft by unlawful taking in violation of 18 Pa. C.S.A. § 3934(a), both related to the theft of a 1994 Jeep Cherokee.  Logan received identical sentences of 18 to 36 months for each of these offenses, to be served concurrently.[2]

Logan filed a pro se petition in state court under the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. § 9541 et seq., challenging his convictions on numerous grounds. Among other claims, Logan alleged that he received ineffective assistance of counsel because his trial lawyer failed to object to his receiving "multiple punishments for the same offense"—namely, "theft and receiving of the Jeep Cherokee" —in violation of the Double Jeopardy clause.  App. 458-59.  The Pennsylvania Court of Common Pleas dismissed Logan's PCRA petition.  On appeal, Logan again raised, among other things,

---

[1] Logan was charged on three separate criminal informations and the charges were consolidated for purposes of trial.

[2] Logan was also ordered to pay restitution of $3,122.56 in connection with his theft by unlawful taking count, but no additional sum was ordered for his receiving stolen property count.  Logan did not have to pay any other amounts in connection with these convictions.

the same ineffective assistance of counsel claim. The Pennsylvania Superior Court rejected his argument and affirmed the dismissal of the petition.

Logan filed a 28 U.S.C. § 2254 habeas petition. The Magistrate Judge recommended that Logan's petition be dismissed. Logan v. Caruso, No. 2:15-CV-1699, 2016 WL 5416623, at *6 (W.D. Pa. Aug. 9, 2016). The District Court adopted the Magistrate Judge's findings and recommendations, rejecting Logan's argument that his counsel rendered ineffective assistance by failing "to challenge the imposition of multiple sentences for the same offense." Logan, 2016 WL 5407744, at *3. Logan appeals.

## II[3]

### A

When a district court dismisses a habeas petition without an evidentiary hearing, our review of its order is plenary. Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009); Holland v. Horn, 519 F.3d 107, 111 (3d Cir. 2008). If the state court has adjudicated a petitioner's claim on the merits, we apply the same review as the district court. Blystone v. Horn, 664 F.3d 397, 416-17 (3d Cir. 2011). Where, on the other hand, the state court does not reach the merits of a claim that is before us, we review the petitioner's claim de novo. Breakiron v. Horn, 642 F.3d 126, 131 (3d Cir. 2011). The Pennsylvania Superior

---

[3] The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254. This Court has jurisdiction under 28 U.S.C. §§ 1291 and 2253. We issued a certificate of appealability as to, and thus have jurisdiction to review, only Logan's claim that his counsel was ineffective because he failed to lodge a double jeopardy objection to Logan's conviction and punishment for the unlawful taking and the receiving of the stolen Jeep Cherokee. 28 U.S.C. § 2253(c)(1)(A); 3d Cir. L.A.R. 22.1(b). On appeal, Logan argues only that the punishment he received for these offenses violates the Double Jeopardy Clause.

3

Court did not reach the merits of Logan's precise claim: whether his counsel was ineffective for failing to object to the sentence he received for theft by unlawful taking or receiving stolen property on double jeopardy grounds. Usually, that means we would review the claim de novo, but here we decline to review the claim at all pursuant to the concurrent sentence doctrine.[4] See Jones v. Zimmerman, 805 F.2d 1125, 1128 (3d Cir. 1986).

B

Because Logan challenges the concurrent sentences he received on his convictions for theft by unlawful taking and receiving stolen property, we will consider the impact of the concurrent sentence doctrine. That doctrine provides a court with the "discretion to avoid resolution of legal issues affecting less than all of the counts in an indictment where at least one count will survive and the sentence[] on [the challenged] count[ is] concurrent." United States v. McKie, 112 F.3d 626, 628 n.4 (3d Cir. 1997) (quoting United States v. Am. Inv'rs of Pittsburgh, Inc., 879 F.2d 1087, 1100 (3d Cir. 1989)); Gardner v. Warden Lewisburg USP, 845 F.3d 99, 104 (3d Cir. 2017) (declining to review various claims from a § 2241 petition under the concurrent sentence doctrine); see also Benton v. Maryland, 395 U.S. 784, 791-92, 793 n.11 (1969) (recognizing that the concurrent sentence rule may have "continuing validity as a rule of judicial

---

[4] We may affirm the district court's judgment on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Varghese v. Uribe, 736 F.3d 817, 822-23 (9th Cir. 2013) (stating, in the § 2254 context, that the circuit court was permitted to "affirm on any ground supported by the record"); Brown v. Ruane, 630 F.3d 62, 66 (1st Cir. 2011) (same).

convenience," especially in the post-conviction relief context). We apply the doctrine where it is apparent that the defendant will not suffer collateral consequences arising from the challenged conviction. Jones, 805 F.2d at 1128; United States v. Clemons, 843 F.2d 741, 743 n.2 (3d Cir. 1988); see also Ball v. United States, 470 U.S. 856, 864-65 (1985) (noting, outside of the concurrent sentence doctrine context, that a second conviction "does not evaporate simply because of the concurrence of the sentence," as having two convictions on one's record "has potential adverse collateral consequences" such as delay of eligibility for parole, increased sentences for future offenses under recidivist statutes, possible trial impeachment, and societal stigma). Under the federal habeas statute, the collateral consequences of a conviction for which a concurrent sentence is received must rise to the level of "custody" to be redressable.[5] See Gardner, 845 F.3d at 104 ("[Petitioner] cannot show that any [collateral consequences of his challenged conviction] rise to the level of 'custody' [under § 2241] in this case given his other life sentences."); United States v. Ross, 801 F.3d 374, 383 (3d Cir. 2015) ("[I]t is hard to see any significant collateral consequence originating [under petitioner's] conviction [given his numerous other convictions], let alone one that rises to the level of 'custody' [under § 2255].").

---

[5] The use of the term "custody" in federal habeas statutes is "designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley v. Municipal Court, 411 U.S. 345, 351 (1973). Thus, the collateral consequences that attach to the conviction at issue must pose a severe and immediate restraint on the petitioner that is not shared by the public generally. Id.

5

Logan is serving concurrent sentences on his theft by unlawful taking and receiving stolen property convictions. Only one of them will be abrogated if his petition is successful, and any potential relief would not reduce the time he is required to serve.[6] Moreover, Logan has not identified any collateral consequences arising from his challenged conviction that do not already result from his six other felony convictions in the current case, or his four prior felony convictions, let alone collateral consequences that rise to the level of "custody" for habeas purposes. Ross, 801 F.3d at 382; Gardner, 845 F.3d at 104; see also Ryan v. United States, 688 F.3d 845, 849 (7th Cir. 2012)

---

[6] Logan argues that, if his concurrent conviction was overturned, he would be entitled to resentencing under Pennsylvania law. In fact, Pennsylvania law does not require resentencing before the sentencing judge where the term of incarceration will remain unaffected, and where the record does not indicate that the error affected the length of that term. See, e.g., Commonwealth v. Lomax, 8 A.3d 1264, 1268 (Pa. Super. 2010) (stating "because we can vacate the [sentence that should have merged as a lesser included offense with the one sentenced concurrently] without disturbing the overall sentencing scheme, we need not remand"). Logan points to several cases that were remanded for resentencing after a conviction was vacated, but all involved sentences in which some portion of the sentences were not concurrent, or in which the remaining sentence had somehow relied on the vacated one. See, e.g., Commonwealth v. Brooks, No. 1503 WDA 2014, 2015 WL 6949559, at *2-3 (Pa. Super. Ct. 2003) (remanding for resentencing where vacated prison sentence had been set to run concurrently with remaining sentences, but imposed a longer probation period).

Here, the record contains no indication that Logan received a longer term because he was charged with two separate crimes in connection with the theft of the Jeep Cherokee. On the contrary, the court's deliberate decision to award concurrent sentences reflects an awareness that these charges concerned the same conduct. App. 433, Sentencing Tr. at 15 ("Count 1, theft, the victim being Mr. Tom, that is a period of 18 to 36 months concurrent with the sentence imposed [for] receiving stolen property [from] Mr. Tom."). A Pennsylvania court would not be required to remand for resentencing, and if it chose to do so, there is no reason to expect that the sentence would be altered. The bare possibility that the relevant Pennsylvania court might remand for resentencing, and that the trial court might then impose a lower sentence, is so remote as to be "nothing more than speculation" and therefore does not rise to the level of "custody." Ross, 801 F.3d at 382-3.

("[Petitioner] has not identified any collateral consequences of the mail-fraud convictions (such as deprivation of the right to vote or hold office) that would not equally be required by [his various other convictions] which have not been challenged."). Thus, even if Logan's sentences for unlawful taking and receiving stolen property should have merged under Pennsylvania law, he has not identified any real-world effect that granting his petition would have—it would neither shorten his term of confinement, nor mitigate any collateral consequences attached to his convictions. Because "the defendant remains sentenced in any event, reviewing the concurrently sentenced counts is of no utility. The practice [of declining to review such claims] is eminently practical and preserves judicial resources for more pressing needs." Jones, 805 F.2d at 1128; see also Benton, 395 U.S. at 799 (White, J., concurring) (noting that the concurrent sentence doctrine "is not a rule of convenience to the judge, but rather of fairness to other litigants," because it enables the more efficient use of judicial resources). Therefore, pursuant to the concurrent sentence doctrine, we decline to address whether Logan's counsel was ineffective for failing to object to the concurrent sentences on double jeopardy grounds. Gardner, 845 F.3d at 103-04.

### III

For the foregoing reasons, we will affirm the District Court's order denying Logan's habeas petition.