**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael GILL, Defendant–Appellant.**

No. 94–3642.

United States Court of Appeals,
Seventh Circuit.

Argued April 18, 1995.

Decided June 26, 1995.

James M. Warden, Asst. U.S. Atty., Indianapolis, IN (argued), for U.S.

Bruce D. Brattain (argued), Linda B. Klain, Brattain, Minnix & Young, Indianapolis, IN, for Michael Gill.

Before BAUER and RIPPLE, Circuit Judges, and REYNOLDS, District Judge.*

REYNOLDS, District Judge.

Defendant-appellant Michael Gill ("Gill") appeals his conviction for unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] For reasons stated below, we affirm Gill's conviction.

## I. Proceedings Below

### A. Evidence Presented at Trial

In the evening of January 7, 1993, while driving in his marked police car, Marion County, Indiana Deputy Sheriff Otha Taylor ("Taylor") observed a Saturn automobile parked along the roadside of a commercial neighborhood. The engine was running, the emergency lights were flashing, and a person was "crouched down" in the front seat. That person was Michael Gill.

Taylor pulled up behind the Saturn and approached Gill, who was sitting in the passenger's seat. Taylor asked him for a driver's license and car registration, but Gill produced only an identification from a New York state welfare agency. Gill told Taylor that he was waiting for his friend and the driver of the car, Donald Curtis ("Curtis"), who had gone to look for a bathroom in the direction of the Red Roof Inn. However, the alleged driver Curtis never returned to the car.[2]

Taylor then ran a check of the Saturn's license plate and learned that it was registered to a different car. Taylor ran a computer check on the Saturn's vehicle identification number and learned that it had been stolen earlier that day in western Marion County. Upon receiving this information, Taylor called for assistance and was soon joined by Officer Mark Myler ("Myler") from the sheriff's department.

Taylor and Myler proceeded to arrest Gill, read him his *Miranda* rights, conducted a patdown, and performed a customary inventory of the vehicle, since it was stolen. On the back seat of the car, Taylor observed a pile of clothes and, underneath, the handle of an object that appeared to be an umbrella. Instead, the object was a loaded .22 caliber Ruger semiautomatic rifle that had been altered with a stock butt and a muzzle suppressor. Gill had previously identified the clothes as belonging to him and had asked that the clothes be returned to him because he was informed that the Saturn was going to be towed. But Gill denied any knowledge of the weapon's existence.

Gill also denied having stolen the car. Gill maintained that Curtis had obtained the car and had picked him up earlier that evening. However, Gill identified a baby photograph on the keychain in the ignition of the car as

---

* Hon. John W. Reynolds of the Eastern District of Wisconsin, sitting by designation.

1. Pursuant to 18 U.S.C. § 922(g)(1):

 It shall be unlawful for any person—(1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, any firearm or ammunition.

 Pursuant to 18 U.S.C. § 924(a)(2):

 Whoever knowingly violates subsection (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.

2. A subsequent search for Curtis was conducted in several business establishments in the area, including the Red Roof Inn, but Curtis was not found. Nor did anyone report that they had seen a person who fit Gill's description of Curtis.

being his niece. Gill also stated that he had never been arrested before. But it was later discovered that Gill had previously been arrested, and, in fact, was a convicted felon.

### B. Evidentiary Rulings, Verdict, and Sentencing

Before trial, Gill moved to suppress evidence that he was apprehended in a stolen car. The district court denied the motion. At trial, Gill objected to the admission of impeachment testimony of a second rebuttal witness, who testified that Gill's sole witness had previously denied knowing Gill's alleged friend Curtis. The district court overruled the objection. On July 12, 1994, following a two-day jury trial, Gill was found guilty of unlawful possession of a firearm by a convicted felon. On October 27, 1994, Gill was sentenced to 84 months imprisonment and 3 years supervised release. On November 7, 1994, Gill filed a timely notice of appeal.

### II. Analysis

Gill challenges his conviction on three grounds. First, he contends that the evidence was insufficient for the jury to convict him for unlawful possession of a firearm by a convicted felon. Second, he argues that the district court erred in admitting the impeachment testimony of a second rebuttal witness. And third, Gill argues that the district court erred in admitting evidence that the car occupied by Gill was stolen and evidence that Gill had been arrested for theft of the car.

### A. Sufficiency of the Evidence

■ On appeals involving sufficiency of the evidence, the court must review the evidence in a light most favorable to the government. To challenge the sufficiency of the evidence, the test is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). A defendant who challenges his conviction based on insufficient evidence carries a heavy burden. *United States v. Williams,* 33 F.3d 876, 878 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1383, 131 L.Ed.2d 236 (1995).

■ To establish a violation of 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt that a convicted felon knowingly possessed a firearm that had traveled in or affected interstate commerce. *Id.* The parties in this case stipulated that Gill was a convicted felon and that the gun had traveled in interstate commerce. The only issue before the jury was whether Gill knowingly possessed the gun found on the back seat of the Saturn.

■ Constructive possession exists when a person knowingly has the power and intention to exercise dominion and control over an object. *United States v. Garrett,* 903 F.2d 1105, 1110 (7th Cir.), *cert. denied,* 498 U.S. 905, 111 S.Ct. 272, 112 L.Ed.2d 227 (1990); *United States v. Taylor,* 728 F.2d 864, 868 (7th Cir.1984). Constructive possession may be proven by circumstantial evidence. *Id.*

■ Under the rule of constructive possession, courts attempt to distinguish between knowing possession and guilt by association. *United States v. Windom,* 19 F.3d 1190, 1200 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 174, 130 L.Ed.2d 110 (1994). An example of the former is *Garrett,* 903 F.2d at 1110–11, in which the court affirmed the conviction under § 922(g)(1) where a loaded gun was found under a paper bag on the floor of the driver's seat in a car that the defendant had unlocked. Conversely, in *United States v. Chairez,* 33 F.3d 823 (7th Cir.1994), the court vacated a firearm possession conviction where the only association between the defendant and the firearm was that they were in the same place at the same time (gun was under the passenger seat in which defendant was sitting).

■ Gill argues, citing *Chairez,* that the mere fact that he and the gun were in the same car is insufficient to prove knowledge and constructive possession. But while there was no evidence in *Chairez* to link the defendant with the firearm, other than the gun's location under Chairez's passenger seat, there is a sufficient nexus between Gill and the firearm to lead a rational jury to find

that Gill had knowledge and constructive possession.

First, and perhaps most significantly, Gill's own clothes were piled on top of the large, loaded rifle on the back seat of the car. Second, the handle of the rifle was in partial view. Third, a photo of Gill's niece was on the keychain in the ignition of the Saturn. Fourth, Gill was the only person who occupied the Saturn; his alleged friend Curtis never returned to the vehicle. Moreover, no person with the name Donald Curtis fitting the description provided by Gill was found in or about the Red Roof Inn, or in the Marion County sheriff's department data base. Finally, although Gill was sitting in the passenger seat when Officer Taylor approached the Saturn, Taylor testified that Gill was initially "crouched down" in the front seat of the car, which was the main reason he was suspicious of the car in the first place. The jury could have believed that Gill had been sitting in the driver's seat when he was crouched down. In light of these circumstances, a rational trier of fact could have found that Gill was in constructive possession of the firearm.

**B. Admission of Impeachment Testimony of Rebuttal Witness**

 The standard of review for the admission of rebuttal evidence is abuse of discretion. *United States v. Gaertner*, 705 F.2d 210, 217 (7th Cir.1983), *cert. denied*, 464 U.S. 1071, 104 S.Ct. 979, 79 L.Ed.2d 216 (1984). Gill argues that the trial court should not have permitted the government to introduce testimony of a second rebuttal witness—Special Agent Emmitt C. Carney of the Bureau of Alcohol, Tobacco and Firearms (ATF)—to impeach the credibility of Gill's sole witness, Floyd McClendon ("McClendon"). McClendon, a barber, testified at trial that he had once met Donald Curtis, but ATF Special Agent Charles G. Hill testified for the government that McClendon had denied any knowledge of Curtis in three separate interviews he conducted with McClendon. Counsel for Gill challenged Hill's credibility on cross-examination by inquiring about Hill's failure to tape record his interviews with McClendon. The government's second witness, Carney, was called primarily

to corroborate Hill's testimony that McClendon had denied previously knowing Curtis. Contrary to Gill's contention, Carney does not appear to have been called to stack witnesses to enhance the impeachment of McClendon, and the trial court did not abuse its discretion in allowing Carney to testify.

**C. Admission of Evidence of Stolen Car and Gill's Arrest**

 The standard of review for the admission of evidence where relevance is at issue is also abuse of discretion. *United States v. Evans*, 27 F.3d 1219, 1232 (7th Cir.1994). Gill argues that the trial court's admission of evidence that the Saturn was a stolen car, and that Gill was initially arrested for theft of the car, was more prejudicial than probative. However, the Seventh Circuit has ruled that evidence is relevant if its exclusion would leave a chronological and conceptual void in the story. *United States v. Vretta*, 790 F.2d 651, 655 (7th Cir.), *cert. denied*, 479 U.S. 851, 107 S.Ct. 179, 93 L.Ed.2d 115 (1986).

The trial court did not abuse its discretion in ruling that the government's story would have been conceptually incomplete without evidence that the Saturn was stolen and that Gill was arrested for theft of the stolen car. Without such evidence, the government would not have been able to logically explain why Gill was arrested and why the car was searched. Moreover, to lessen potential prejudice, the trial court advised the jury that the evidence at issue was not to be considered evidence of guilt regarding the firearm possession charge.

**III. Conclusion**

For the foregoing reasons, Gill's conviction is

AFFIRMED.