**GLENSTON TOUSSAINT, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

**KIRK ORLANDO BROWNE, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

**KEVIN DAVID, Appellant/Cross Appellee**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee/Cross Appellant**

D.C. Crim. App. No. 1996-49

T.C. Crim. No. F333-1993

D.C. Crim. App. No. 1996-50

T.C. Crim. No. F332-1993

D.C. Crim. App. Nos. 1996-51 & 96-210

T.C. Crim. No. F332-1993

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 7, 1997

BERNARD VANSLUYTMAN, ESQ., St. Thomas, U.S.V.I., *for Appellant Toussaint*

MARCIS RESNICK, ESQ., St. Thomas, U.S.V.I., *for Appellant Browne*

ROBERT MURNAN, ESQ., St. Thomas, U.S.V.I., *for Appellant/Cross Appellee David*

MAUREEN PHELAN-CORMIER, ESQ., (Assistant Attorney General, Virgin Islands Department of Justice), St. Thomas, U.S.V.I., *for Appellee/Cross Appellant*

MOORE, *Chief Judge*, FINCH and STEELE, *Judges*

### OPINION OF THE COURT

PER CURIAM

This matter is before the court on appeal from the Territorial Court of the Virgin Islands, Criminal Division. Appellants Toussaint and Browne challenge the Territorial Court's Judgments of convictions dated December 11, 1995 and David challenges his November 29, 1995 Judgment of conviction. The Government of the Virgin Islands ["Government"] appeals the trial court's dismissal of its habitual offender information. The Court, having considered the submissions of the parties and having considered the issues on appeal, and for the reasons given, reverses the judgments and remands the case to the Territorial Court to vacate the convictions against of all three appellants. The Government's appeal is dismissed as moot.

### FACTS

On the evening of December 20, 1993, police observed a red four-door compact car traveling south away from the Red Hook

area on the East End of St. Thomas. After checking the security of businesses in Red Hook Plaza,[1] the officers observed the same vehicle return to Red Hook and drive through the Plaza without stopping, almost causing a collision. The police stopped the vehicle for failing to stop at the intersection and for running a stop sign.

The officers asked the driver for his license and registration and became suspicious when the two backseat passengers, Browne and Kirth Bramble, also got out of the vehicle, but Toussaint, the front seat passenger, stayed in the car. Joint Appendix ["J.A."] at 56, 86. The occupants were ordered to stay put,[2] while one of the officers and David, the driver, went to the passenger side to retrieve the registration from the glove compartment. While there, the police officer shined his flashlight into the vehicle and saw a gun in plain view on the floor between the driver's seat and the back seat. J.A. at 58, 88, 132. All the occupants were arrested. During an inventory search of the vehicle, a second gun was discovered in the middle of the backseat underneath a piece of clothing between the backseat and the backrest.[3] Officers testified that both weapons were loaded and had been within arms-reach of each of the appellants' while they were in the vehicle. J.A. at 61, 94.

Appellants were each charged with two counts of unauthorized possession of the firearm in violation of V.I. CODE ANN. tit. 14, § 2253(a). After each pleaded not guilty,[4] their motions to suppress were denied. During trial, both arresting officers described the events leading up to the arrests. The Supervisor of Firearms testified that none of the appellants were licensed to possess a firearm. J.A. at 116-20, 124. The Government present no other evidence to prove appellants' unauthorized possession of the firearms.

After the Government rested its case-in-chief, appellants moved for judgments of acquittal under FED. P. CRIM. P. 29(a), each claiming that he did not have actual control of either gun. They also

---

[1] The officers testified that there had been a rash of recent robberies in that area.

[2] One officer testified that the occupants' behavior made him suspicious, and caused him to draw his weapon and frisk all of them. Joint Appendix ["J.A."] at 87.

[3] J.A. at 91, 132. An officer testified that the gun-butt was exposed, leading to its discovery.

[4] The fourth occupant of the car, Kirth Bramble, escaped from police custody and has not been apprehended or prosecuted.

contended that the Government did not prove that they were not authorized to possess the firearms, but only presented evidence that the guns were unlicensed. Mr. David additionally argued that the Government never proved his knowledge of or intent to possess the firearms and that the Government never proved that he had possession for more than 24 hours as allowed by 23 V.I.C. § 470 ["24-hour period"]. J.A. at 210. Finally, Mr. Browne asserted that the Government never proved that the fourth occupant of the car, Kirth Bramble, was not authorized to possess the guns. The Government responded that the jury could reasonably infer that each appellant had access and control, that the Government's burden regarding authorization was met, and that appellants knew the guns were there.[5] The trial judge denied the Rule 29 motions and all appellants rested without presenting a defense.

Counsel made their closing arguments and the trial court charged the jury, including a definition of both constructive and actual possession. J.A. at 277-79. The judge did not define the meaning of "unless otherwise authorized by law" under section 2253(a) or tell the jury whether the Government had the burden to prove that appellants had possessed one or both of the firearms for more than 24 hours. The court denied appellants' renewed Rule 29 motions, J.A. at 225, and the jury found all three appellants guilty on both gun counts. The Government filed an habitual offender information to enhance David's sentencing pursuant to 14 V.I.C. § 61 based on his prior criminal history. J.A. at 298.

Before sentencing, the court denied each appellant's motion for new trial.[6] At the sentencing hearing, the judge dismissed the habitual offender information filed against David due to the court's suspicion of selective prosecution. Appendix ["App."] for the Government at 19. These appeals followed.

---

[5] The Government relied on *Government of the Virgin Islands v. Xavier*, 29 V.I. 279, 291, 2 F.3d 1281 (3d Cir. 1993) in support of its argument.

[6] Each appellant moved for a new trial based "newly discovered evidence" that one Leon Daniel had left his gun in David's car and also claimed he had seen the unapprehended fourth occupant with another gun. Appendix ["App."] for David at 22-29. Though only David provided a copy of the Court's decision, the trial court orally denied Toussaint's and Browne's motions before sentencing. App. for Browne at 25 (excerpt from November 17, 1995 sentencing transcript, p.11). Because we reverse on other grounds, we do not review the denial of these motions.

## DISCUSSION [7]

**Sufficiency of the Evidence - Constructive Possession**

Appellants argue that the Government's evidence was insufficient to survive their Rule 29 motions to dismiss at the close of the Government's case-in-chief. We accordingly review the record to determine whether it could reasonably support a finding of guilt beyond a reasonable doubt, when viewed in the light most favorable to the Government. *Government of the Virgin Islands v. DuBois*, 25 V.I. 316, 319 (D.V.I. App. 1990).

■ First, appellants contend that constructive possession does not infer culpability because, "according to the plain terms of [section 2253], the gun must be both in the vehicle and under the defendant's control." *United States v. Xavier*, 29 V.I. 279, 291, 2 F.3d 1281, 1289 (3d Cir. 1993). Appellants fail to recognize, however, that a person has control over any object "in an area from which [defendant] might gain immediate possession." *Id.* Because the guns were within several feet of where each appellant had been sitting in the car, the jury could properly find that the firearms were within the potential control and therefore the constructive possession of each appellant.

---

[7] We do not reach Toussaint's first challenge, namely, the trial court's refusal to hold a hearing and rule on his separate motion to suppress the seized guns. Supplemental Appendix for Toussaint ["T.S.A."] at 7-8. Noting that virtually identical motions filed by appellants David and Browne had already been heard and denied by a another judge, the trial judge refused to relitigate the lawfulness of the stop on the same grounds and expressed doubts that Toussaint, a passenger, had standing to challenge the traffic stop and seizure. *Id.* at 32. Since this seems to be a recurring issue, we make the following comments. One may not have standing to challenge the plain view discovery of the gun due to his lesser expectation of privacy in the vehicle. *See New York v. Class*, 475 U.S. 106, 112-13 89 L. Ed. 2d 81, 106 S. Ct. 960 (1986)(quoting *Cardwell v. Lewis*, 417 U.S. 583, 590, 41 L. Ed. 2d 325, 94 S. Ct. 2464 (1974) and holding that "one has a lesser expectation of privacy in a motor vehicle because its function is transportation and it seldom serves as one's residence or as the repository of personal effects. A car has little capacity for escaping public scrutiny. It travels public thoroughfares where both its occupants and its contents are in plain view."). Toussaint may nevertheless be entitled to challenge the actual traffic stop. *See, e.g., Whren v. United States*, 135 L. Ed. 2d 89, 116 S. Ct. 1769, 1772 (1996) (allowing an occupant to challenge the validity of the search); *Delaware v. Prouse*, 440 U.S. 648, 650, 59 L. Ed. 2d 660, 99 S. Ct. 1391 (1979)(emphasizing the record's failure to indicate whether the movant was a passenger or driver of the vehicle). The reasonableness of a Fourth Amendment seizure of an individual is measured by balancing the public's interest against the individual's "right to personal security free from arbitrary interference by law officers." *Pennsylvania v. Mimms*, 434 U.S. 106, 109, 54 L. Ed. 2d 331, 98 S. Ct. 330 (1977).

## Sufficiency of the Evidence - Unauthorized Possession

Appellants next argue that the Government failed to carry its burden of proving their possession of the firearms was unauthorized, that it was not "otherwise authorized by law" in the terms of 2253(a). This raises two sub-issues in the context of this case: (1) whether the Government's obligation to establish the unlawfulness of the possession included the burden of proving that appellants possessed the firearm for more than the 24-hour period allowed in 23 V.I.C. § 470; and (2) whether the Government must negate all the lawful ways the appellants could have possessed the firearms.[8] The trial judge ruled that the 24-hour period was an affirmative defense. Thus, because appellants had presented no defense, there was no evidentiary basis for instructing the jury on the 24-hour period. This is a question of law over which our review is plenary.

Section 2253(a) pertinently provides that

> whoever, *unless otherwise authorized by law*, has, possesses, bears, transports or carries either openly or concealed on or about his person, or under his control in any vehicle of any description any firearm, . . . may be arrested without a warrant . . . .

14 V.I.C. § 2253(a)(emphasis added).

▮▮ V.I. CODE ANN. tit. 23, § 470 gives a person who obtains a firearm in, or brings a firearm into, the Virgin Islands a period of 24 hours within which to report its acquisition to the Virgin Islands Police Department. Section 470 does not authorize possession of the weapon. Section 470 simply gives one who acquires a firearm a 24-hour period during he can report that he possesses the firearm and not be convicted of unlawful possession. We therefore hold that section 470 is not a law which would "otherwise" authorize the unlicensed possession of a gun. Section 470 merely gives a defendant the right to affirmatively defend himself against a

---

[8] It is settled in this jurisdiction that unauthorized possession is an element of 14 V.I.C. § 2253(a) and that the Government must prove a defendant had no authority to carry or possess the gun. *See, e.g., United States v. Xavier*, 2 F.3d 1281, 1289 (3d Cir. 1993); *Government of the Virgin Islands v. Ramos*, 730 F.2d 96, 98 (3d Cir. 1984). The further definition of "unless otherwise authorized by law" and the nature of the 24-hour period allowed by 23 V.I.C. § 470 are novel in this jurisdiction.

charge of unlawful possession by proving that his 24-hour grace period after he acquired possession of the firearm had not yet expired.[9]

■ Because appellants presented no defense, affirmative or otherwise, and because we agree with the trial judge that the 24-hour period is an affirmative defense, we find that the court committed no error in failing to instruct the jury on the point. On the first sub-issue then, we hold that the Government's obligation to establish the unlawfulness of the possession under section 2253(a) does not include the burden of proving that a defendant possessed the firearm for more than the 24-hour period allowed in 23 V.I.C. § 470.[10]

It should be obvious, however, that a violation of section 2253(a) requires more than mere proof that the defendant had no license to possess the gun. For assistance in determining what the phrase "unless otherwise authorized by law" means, section 2253(a) itself refers us to various sections in Chapter 5 of Title 23. Chapter 5 governs the administrative control of firearms, including the requirements for licensing a gun. Following this statutory reference, we find that Chapter 5 contains section 453, which describes persons who "may lawfully have, possess, bear, transport, and carry firearms in the Virgin Islands," language which tracks that of section 2253(a).[11] This is clear statutory language which includes the persons listed in section 453 as persons "otherwise authorized by law" to possess, transport, and carry a firearm.[12]

---

[9] *See McKelvey v. United States*, 260 U.S. 353, 356-57, 67 L. Ed. 301, 43 S. Ct. 132 (1922)(holding that the Government need not prove every exception established by proviso nor must an indictment negate every statutory exception); *United States v. Polan*, 970 F.2d 1280, 1282 (3d Cir. 1992), *cert. denied*, 507 U.S. 953, 122 L. Ed. 2d 745, 113 S. Ct. 1367 (1993).

[10] Individuals authorized by reciprocity under 23 V.I.C. § 460 (first paragraph) to carry firearms in other jurisdictions are required to report any firearm within 24 hours or arrival in the Virgin Islands and to obtain a license from the Virgin Islands Government. *See* 23 V.I.C. § 470(b) & (c).

[11] This is in accord with the history of the firearms statute. *See Government of the Virgin Islands v. Elliot* , 20 V.I. 44, 47-50 & n.10 (Terr. Ct. 1983).

[12] Persons authorized by law to carry a gun are listed in 23 V.I.C. § 453, which includes members of the United States Armed Forces, people authorized by federal law, persons fulfilling defense contracts with the United States, police, marshals, other authorized peace officers, and wardens. Pursuant to 5 V.I.C. § 3561, peace officers include inspectors employed by the Taxi Commission, marshals, deputy marshals, Department

In sum, the Government must prove that a defendant charged with violating section 2253(a) was not "otherwise authorized by law" to possess the firearm. This includes proof that the defendant had no license under 23 V.I.C. § 454, that the defendant was not one of those persons described by 23 V.I.C. § 453 as being authorized to possess the gun, and that the defendant had no reciprocal right to possess the firearm under 23 V.I.C. § 460 (second paragraph).

Applying this holding to the case at hand, the Government only proved that none of the appellants possessed a license for either of the guns found in the car.[13] It is uncontested that the Government failed to show that appellants had no authorization to possess a firearm by virtue of their professions under sections 453 and 460. However tenuous the possibility that appellants fell within the category of unlicensed-but-otherwise-authorized persons, the Government's proof fell short of showing this element of the crime. Based on the Government's failure to prove the element of "unauthorized" possession, appellants' Rule 29 motion should have been granted.

Our conclusion, then, is that the Territorial Court erred in convicting appellants of unauthorized possession. We need not address any other issues raised by appellants, since the Government failed to produce sufficient evidence of the element of "other authorization" to support a conviction. While possession of the gun for less than 24 hours is an affirmative defense each defendant must raise and prove, the Government nonetheless failed to prove that appellants were not otherwise authorized by virtue of their professions to possess the firearms. Accordingly, we reverse the trial court's judgments for all three appellants.

---

of Planning and Natural Resources enforcement officers, the Director of Fire Services, fire marshal, fire inspector, Department of Justice inspectors, Licensing and Consumer Affairs enforcement officers, Internal Revenue Bureau agents, and other individuals who are authorized to make arrests.

[13] J.A. at 115-25 (indicating that Sergeant Irma George, Supervisor of the Firearms Unit, testified that none of the appellants were licensed in the Virgin Islands or in any other jurisdiction to possess a firearm).

## CONCLUSION

We hold that the 24-hour period of 23 V.I.C. § 470 is not an element of the crime of unauthorized possession of a firearm which the Government must prove. It is an affirmative defense to be raised and proved by appellants. Accordingly, the trial court correctly ruled that the Government did not have to prove that appellants' had possessed the firearms for more than 24 hours. The trial court did commit reversible error in not dismissing the case against all three appellants when the Government failed to carry its burden of proving that appellants were not "otherwise authorized by law" to possess the guns pursuant to 23 V.I.C. §§ 453, 454, and 460. The Government having failed to present sufficient evidence for the jury to find guilt beyond a reasonable doubt, we must reverse the judgments, vacate the appellants' convictions, and remand the matter for the Territorial Court to grant the appellants' motions for judgments of acquittal under Rule 29. *See Smalls v. Government of the Virgin Islands*, 950 F. Supp. 698, 699 (D.V.I. App. 1996)(holding that dismissal was necessary on remand based on double jeopardy grounds). The trial court's dismissal of the habitual offender information against appellant David has thus been rendered moot. An appropriate order follows.

## ORDER OF THE COURT

PER CURIAM

AND NOW, this 7th day of May, 1997, having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED AND ADJUDGED that the Territorial Court's Judgments in the above-captioned appeals dated December 11, 1995 and November 29, 1995 are REVERSED, the corresponding convictions are VACATED, and the matters are REMANDED to the Territorial court for further proceedings consistent with this opinion.