**KEVIN FRANCIS, Defendant/Appellant**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS,**
**Prosecution/Appellee.**

D.C. Crim. App. No. 1996-002,

Re: Terr. Ct. Crim. No. F42/1995

District Court of the Virgin Islands

Division of St. Thomas and St. John

December 22, 1998, Filed

BRENDA C. SCALES, ESQ., Territorial Public Defender, St. Thomas, U.S.V.I., *for Appellant*

PAUL GIMENEZ, ESQ., Assistant Attorney General, St. Thomas, U.S.V.I., *for Appellee*

BEFORE: THOMAS K. MOORE, *Chief Judge*, District Court of the Virgin Islands; RAYMOND L. FINCH, *Judge* of the District Court of the Virgin Islands; and PATRICIA D. STEELE, *Territorial Court Judge*, Division of St. Croix, Sitting by Designation.

### OPINION OF THE COURT

PER CURIAM

The issue presented is whether the Territorial Court erred by refusing to instruct the jury in this case that possession of a firearm

for less than 24 hours was a defense at the time of trial to unauthorized possession of a handgun (V.I. CODE ANN. tit. 14, § 2253(a)) under 23 V.I.C. § 470.

## FACTUAL SUMMARY[1]

The government charged Kevin Francis ["Francis" or "appellant"] in Territorial Court with possession of a firearm unauthorized by law in violation of 14 V.I.C. § 2253(a).[2] During the trial, government witnesses testified that the police found an operable, unlicensed handgun tucked in appellant's waistband. (*See* J.A. at 19-23.) At the close of the government's case, Francis filed a request for a jury instruction tracking 23 V.I.C. § 470, which announced that "[a]ny person other than a licensed dealer, who purchases or otherwise obtains any firearms or ammunition from any source within or outside of the Virgin Islands shall report such fact in writing or in person to the Commissioner [of Police] within 24 hours after receipt of the firearm."[3] 23 V.I.C. § 470(a). Reserving judgment on the request, the Court precluded appellant's counsel from asking prosecution witnesses whether they took steps to locate the handgun's owner. Francis and three other witnesses then testified that they were arrested within minutes of finding the weapon in a bag next to a trailer in Fort Mylner. Near the close of trial, the Court finally refused to give the instruction requested by appellant, stating, "[t]his very well will be the test case." (J.A. at 67.)

On July 13, 1995, the jury convicted Francis of possession of a firearm unauthorized by law. The Court entered final judgment on

---

[1] The facts presented are based solely on the record of the Territorial Court and the representations made by appellant as the government did not file a brief in response.

[2] That subsection states, in pertinent part:

Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either openly or concealed on or about his person, or under his control in any vehicle of any description any firearm . . . loaded or unloaded, may be arrested without a warrant, and shall be sentenced to imprisonment of not less than six months nor more than three years and shall be fined not more than $5,000.

14 V.I.C. § 2253(a).

[3] The Virgin Islands legislature has since eliminated the twenty-four hour grace period in section 470. Under the current provision, gun possessors must "immediately" report the firearm to the police commissioner. See 23 V.I.C. § 470 (amended Sept. 23, 1996).

September 15, 1995, and appellant filed a timely notice of appeal.[4] In *Toussaint v. Government of the Virgin Islands*, 36 V.I. 185, 964 F. Supp. 193, 197 (D.V.I. App. Div. 1997), the Appellate Division subsequently ruled that 14 V.I.C. § 470 is an affirmative defense to unlawful possession of a firearm.[5]

## DISCUSSION

The Appellate Division has cognizance of this appeal under 4 V.I.C. § 33. *Toussaint* controls the outcome of the present case. In *Toussaint*, two loaded handguns were found in a vehicle during a routine traffic stop. Three of the vehicle's occupants were tried for unlawful possession under 14 V.I.C. § 2253(a). The government proved at trial that none of the three had licenses to possess the guns. The defendants did not testify or put on any evidence. In response to the defendants' argument that the government needed to prove that they possessed the firearms for more than the 24-hour period allowed in 23 V.I.C. § 470 to establish unlawful possession, the trial judge ruled that possession during the 24-hour period was an affirmative defense to 14 V.I.C. § 2253(a). We agreed and upheld the judge's refusal to instruct the jury on the effect of section 470.

Section 470 does not authorize possession of the weapon. Section 470 simply gives one who acquires a firearm a 24-hour period [in which] he can report that he possesses the firearm and not be convicted of unlawful possession. We therefore hold that section 470 is not a law which would "otherwise" authorize the unlicensed possession of a gun. Section 470 merely gives a defendant the right to affirmatively defend himself against a charge of unlawful possession by proving that his 24-hour grace period after he acquired possession of the firearm had not yet expired.

[4] The Appellate Division stayed this appeal pending review of *Government of the Virgin Islands v. Smalls*, 32 V.I. 175 (Terr. Ct. 1995), which appeared to present the "twenty-four hour" issue. Since *Smalls* did not reach this question, we granted an additional stay and ultimately confronted and decided the issue in *Toussaint v. Government of the Virgin Islands*, 36 V.I. 185, 964 F. Supp. 193 (D.V.I. App. Div. 1997).

[5] *Accord United States v. McKie*, 36 V.I. 367, 112 F.3d 626, 631 (3d Cir. 1997) (concurring with District Court that 23 V.I.C. § 470(a) was an affirmative defense to unlawful possession under 14 V.I.C. § 2253(a) because section 470 afforded owners of unlicensed firearms twenty-four hours to report their weapons).

Because appellants presented no defense, affirmative or otherwise, and because we agree with the trial judge that the 24-hour period is an affirmative defense, we find that the court committed no error in failing to instruct the jury on the point. . . . [W]e hold that the Government's obligation to establish the unlawfulness of the possession under section 2253(a) does not include the burden of proving that a defendant possessed the firearm for more than the 24-hour period allowed in 23 V.I.C. § 470.

*Toussaint*, 964 F. Supp. at 197 (footnotes omitted).[6]

■■ "As a general proposition[,] a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63, 99 L. Ed. 2d 54, 108 S. Ct. 883 (1988) (citing *Stevenson v. United States*, 162 U.S. 313, 40 L. Ed. 980, 16 S. Ct. 839 (1896)). The evidence presented by Francis revealed a basis for his affirmative defense. Three defense witnesses testified that Francis took possession of the handgun just before the arresting officer arrived on the scene. In addition, the Territorial Court precluded the appellant from asking prosecution witnesses whether they uncovered any corroborative evidence of recent loss of a firearm. Its failure to instruct the jury concerning a defense available to Francis under the Virgin Islands Code constituted reversible error.

We accordingly reverse and remand for a new trial.

DATED this 22d day of December, 1998.

---

[6] Because 14 V.I.C. § 2253(a) requires proof that the possession was unlawful, and not merely unlicensed, we also held that the government must negate all the lawful ways in which the appellants could have possessed the firearms.

In sum, the Government must prove that a defendant charged with violating section 2253(a) was not "otherwise authorized by law" to possess the firearm. This includes proof that the defendant had no license under 23 V.I.C. § 454, that the defendant was not one of those persons described by 23 V.I.C. § 453 as being authorized to possess the gun, and that the defendant had no reciprocal right to possess the firearm under 23 V.I.C. § 460 (second paragraph).

*Toussaint*, 964 F. Supp. at 198 (D.V.I. App. 1997). This direct holding conflicts with the Court of Appeals' *obiter dicta* to the contrary that, in essence, "unlawful" in § 2253(a) means "unlicensed" in *United States v. McKie*, 112 F.3d at 631. This conflict is presently before the Toussaint panel for reconciliation.