**GLENSTON TOUSSAINT, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.**

**KIRK ORLANDO BROWNE, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.**

**KEVIN DAVID, Appellant/Cross Appellee**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS,**

**Appellee/Cross Appellant**

Crim. App. Nos. 1996-049, 1996-050, 1996-051 and 1996-210

District Court for the Virgin Islands

Division of St. Thomas and St. John

February 2, 2004

BERNARD VANSLUYTMAN, ESQ., St. Thomas, VI, *for Toussaint, Appellant*

MARCIA RESNICK, ESQ., St. Thomas, VI, *for Browne, Appellant*

ROBERT MURNAN, ESQ., St. Thomas, VI, *for David, Appellant/Cross Appellee*

MAUREEN PHELAN, Assistant Attorney General, Virgin Islands Department of Justice, St. Thomas, VI, *for Government of the Virgin Islands, Appellee/Cross Appellant*

FINCH, MOORE, and CABRET, *Judges*

## MEMORANDUM

*Per curiam.*

On May 7, 1997, this Court issued its decision in *Toussaint v. Government of the Virgin Islands*, 964 F. Supp. 193, 36 V.I. 185 (D.V.I. App. Div. 1997) [*"Toussaint"*]. The next day, the United States Court of Appeals for the Third Circuit issued its opinion in *United States v. McKie*, 112 F.3d 626, 36 V.I. 367 (3d Cir. 1997) [*"McKie"*]. The Government of the Virgin Islands contends that, in light of the decision in *McKie,* this Court must vacate *Touissaint.* After reviewing our decision, we agree with the government.

## I. BACKGROUND

In *Toussaint,* each of the three appellants challenged their convictions for unauthorized possession of a firearm pursuant to Title 14, section 2253(a) of the Virgin Islands Code. At trial, the government established only that none of the appellants were licensed to possess a firearm. *See Toussaint*, 964 F. Supp. at 195, 36 V.I. at 187. On appeal, this Court held that a "violation of section 2253(a) requires more than mere proof that the defendant had no license to possess the gun." *Id.* at 197, 36 V.I. at 191.

Section 2253(a), entitled "carrying of firearms," provides in relevant part:

> (a) Whoever, *unless otherwise authorized by law,* has, possesses, bears, transports, or carries either, actually or constructively, openly or concealed any firearm, ... loaded or unloaded, may be arrested without a warrant, and shall be sentenced to imprisonment of not less than six months nor more than three years and shall be fined not more than $5,000, ...

(emphasis added). A person may be authorized to carry a firearm in the Virgin Islands under any of three statutes in Title 23, namely, (1) section

453, "Persons who may lawfully carry firearms,"[1] (2) section 454, "Persons who may be licensed to carry firearms,"[2] or (3) section 460,

---

[1] Section 453 provides:

(a) The following persons, in the discharge of their official duties, and in accordance with and subject to the conditions and restrictions imposed by the laws and regulations applicable to their conduct, may lawfully have, possess, bear, transport and carry firearms in the Virgin Islands:

(1) Members of the Armed Forces of the United States or of the organized reserves.

(2) Officers and employees of the United States duly authorized by Federal law to carry firearms.

(3) Persons employed in fulfilling defense contracts with the United States Government or agencies thereof where possession or use of firearms is necessary under the provisions of such contracts.

(4) Members of the police force of the Virgin Islands, marshals, or other duly authorized peace officers.

(5) Penitentiary and jail wardens and guards.

(b) The persons authorized by subsection (a) of this section lawfully to have, possess, bear, transport and carry firearms shall obtain such weapons and ammunition therefor only through the duly authorized officers or heads of their respective services or departments.

[2] Section 454 provides:

A firearm may be lawfully had, possessed, borne, transported or carried in the Virgin Islands by the following persons, provided a license for such purpose has been issued by the Commissioner in accordance with the provisions of this chapter:

(1) An officer or employee of the Government of the Virgin Islands in cases where such license, in the judgment of the Commissioner, should be issued to such officer or employee by reason of the duties of his position;

(2) An agent, messenger or other employee of a common carrier, bank or business firm, whose duties require him to protect money, valuables or other property in the discharge of his duties; And provided, That the employer of such person shall have justified to the satisfaction of the Commissioner the need for the issuance of the license;

(3) A person having a bona fide residence or place of business within the Virgin Islands, who established to the satisfaction of the Commissioner that he has good reason to fear death or great injury to his person or property, or who establishes any other proper reason for carrying a firearm, and the circumstances of the case, established by affidavit of the applicant and of at least two credible persons, demonstrate the need for such license;

(4) A person licensed to and actively engaged in the business of manufacturing, repairing or dealing in firearms in the Virgin Islands, or the agents or

457

"Reciprocal recognition of out-of state licenses."[3] We interpreted section 2253 to require that the government prove not only that the defendant had no license to possess a gun but also that the defendant was not one of those persons described by 23 V.I.C. § 453 as being authorized to possess the gun, and that the defendant had no reciprocal right to possess the firearm under 23 V.I.C. § 460. *Toussaint*, 964 F. Supp. at 198, 36 V.I. at 192.[4] Because the government only proved that the defendants had no firearm license and failed to prove at trial that the defendants were not otherwise authorized by law to possess the firearms, we vacated the convictions of each of these three appellants. *Id.* at 193.

## II. DISCUSSION

As stated, the government contends that we must vacate *Touissaint* in light of the Court of Appeals' rulings in *McKie*. In his appeal, McKie challenged his conviction of possessing a firearm in a vehicle with two

representatives of any such person, having necessity to handle or use firearms in the usual or ordinary course of business;

(5) With respect to a rifle or a shotgun a person possessing a valid and current Virgin Islands hunting license.

[3] Section 460 provides:

Unless otherwise prohibited by any state or federal law, a license to possess or to carry firearms, issued by any competent authority of any state or territory of the United States and in accordance with the same or similar requirements as set forth in the preceding sections pertaining to the applicant's eligibility, and the establishment of his reputation through fingerprints, shall be recognized as valid within the Virgin Islands and shall allow the holder thereof to exercise all of the privileges in connection therewith, while said licensee is a visitor or transient resident herein.

Any marshal, sheriff, constable, police or other peace officer, of any state or territory of the United States, whose duty it is to serve process and make arrests, may, while travelling through or in the Virgin Islands on official business, carry such weapons or equipment as has been authorized by his appointing authority.

[4] Consistently with the Court of Appeals, we also held that § 470, which at the time allowed a person 24-hours to register a firearm in their possession, was an affirmative defense and not an element of the offense because it did not authorize possession. It merely gives a person a grace period in which to register the firearm. *See Toussaint*, 964 F. Supp. at 197, 36 V.I. at 190. The law, however, was amended in 1996 to eliminate the 24-hour grace period and require that all firearms entering the Territory immediately must be registered with the Virgin Islands Police Department. *See* 23 V.I.C. § 470. Accordingly, we will not address section 470 in this opinion.

other defendants and a juvenile and asserted that the government had to prove that he had possessed the firearm for more than twenty-four hours in order to establish that he possessed the gun without authorization of law in violation of section 2253(a). *McKie*, 112 F.3d at 629, 36 V.I. at 373. In rejecting these challenges, the Court of Appeals ruled that the twenty-four-hour period provided in 23 V.I.C. § 470 at the time of the offense was not an element of the offense of unlawful possession of a firearm, but rather an affirmative defense to be established by the defendant. The Court of Appeals also noted that the sections of Title 23 of the Virgin Islands Code which authorize the lawful possession of a firearm in the Virgin Islands, namely, sections 453 (Persons who may lawfully carry firearms), 454 (Persons who may be licensed to carry firearms) and 460 (Reciprocal recognition of out-of state licenses) also are exceptions to the phrase of 14 V.I.C. § 2253(a), "unless otherwise authorized by law." *McKie*, 112 F.3d at 631, 36 V.I. at 374 n.6.

The Court of Appeals observed:

> In the past we have interpreted the clause "unless otherwise authorized by law" to mean possession without a license. *See Government of Virgin Islands v. Soto*, 718 F.2d 72, 80 (3d Cir. 1983) ("The gravamen of [§ 2253] appears to have been the possession of unlicensed firearms ... ."); *Government of Virgin Islands v. Bedford*, 671 F.2d 758, 763 n. 7 (3d Cir. 1982) (approving a jury instruction that § 2253(a) is violated if, "the defendant possessed the firearm; ... he was not licensed to possess it; and ... it meets the definition ... of a firearm."). The government must prove the absence of a firearms license. But we have never designated proof of possession for more than twenty-four hours as an element of the crime.

*McKie*, 112 F.3d at 630, 36 V.I. at 373 (3d Cir. 1997).

The *McKie* panel went on to consider and apply the same argument to the other statutory exceptions to the licensing requirement:

> The defendants' argument would require the government to prove in each prosecution that none of the statutory exceptions to the firearm license requirement are satisfied. [FN6] Such an interpretation would conflict with our obligation to construe statutes

459

sensibly and avoid constructions which yield absurd or unjust results.

FN6. For example, the government would have to prove the defendants are not members of any of the armed forces of the United States, *see* V.I. CODE ANN. tit. 23, § 453(a)(1), that defendants are not officers or employees of a federal agency authorized by law to carry firearms, *see* V.I. CODE ANN. tit. 23, § 453(a)(2), that defendants are not jail wardens, *see* V.I. CODE ANN. tit. 23, § 453(a)(5), and that defendants do not have licenses to carry firearms in any of the United States, *see* V.I. CODE ANN. tit. 23, § 460.

*Id.* at 631, 36 V.I. at 374. The Court of Appeals refused to interpret section 2253 to require that the government prove that *none* of the statutory exceptions to the firearm license requirement are satisfied. Therefore, *Touissaint's* holding to the contrary must be vacated.

## III. CONCLUSION

Our requirement in *Touissaint* that along with proving unlicensed possession under section 454, the government must also affirmatively prove that the statutory exceptions in sections 453 and 460 do not apply is clearly inconsistent with *McKie* and must be vacated.