**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**8560 SQUARE FEET OF LAND consisting of the following:**
**Lot 30-31 Norre Gade, Kings Quarter, in the town of**
**Charlotte Amalie, on the Islands of St. Thomas, United**
**States Virgin Islands; A.H. LOCKHART and COMPANY,**
**H.E. LOCKHART MANAGEMENT, INC.,**
**UNKNOWN OWNERS, and all others claiming**
**an interest herein, Defendants**

Civil No 844/1992

Territorial Court of the Virgin Islands

Division of St. Thomas and St. John

Sept. 24, 1999

ROBERT BORNHOLT, Department of Justice, St. Thomas, U.S.V.I., *for the Plaintiff*

HENRY FEUERZEIG, H.E. Lockhart Mgmt. Law House, St. Thomas, U.S.V.I., *Attorney for Defendant*

ROSS, *Judge*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant H.E. Lockhart Management Inc.'s (HELM) Motion to Dismiss. Initially, Defendant HELM filed this motion based on several grounds, including conflict of interest. However, due to later enacted legislation Defendant HELM conceded the other grounds as being superseded by law and mooted. Consequently, Defendant HELM's sole basis for its motion is the conflict of interest claim. For the following reason, Defendant's Motion to Dismiss will be denied.

On August 20, 1992, Plaintiff commenced a condemnation action against Defendant HELM's property and filed a Declaration of Taking along with its complaint. The Declaration stated that the property was taken for public use to ". . . provide urgently needed parking for the Police Department, Department of Justice, Territorial Court and the Public; . . ." *Plaintiff's Declaration of Taking 1.* The Declaration was signed by the Honorable Judge Verne A. Hodge, Presiding Judge of the Territorial Court. *Plaintiff's Declaration of Taking 2.*

Defense counsel contends that *any* Territorial Court Judge assigned to hear this case is "in a position of having to sit in judgment in a case where a colleague of the stature and power of the Presiding Judge of this Court is so intimately involved." *Memorandum In Support of Defendant HELM's Motion to Dismiss 15-16.* Defense counsel alleges that under these circumstances, *none* of the Territorial Court Judges can impartially hear this case and render an unbiased decision. Yet defense counsel asserts he has total "respect for the integrity, honesty, . . . [and] . . . character of the judge to whom this case is now assigned [Meyers, J.], or any other judge of the Territorial Court." *Memorandum in Support of Defendant HELM's Motion to Dismiss 15.* The case is now assigned to Judge Edgar D. Ross.

Defense counsel would have the Court believe that none of the Territorial Court judges can exercise their judicial duties independent of the opinion of the Presiding Judge. Defense counsel seeks to disqualify the entire Territorial Judiciary on the grounds that the Presiding Judge affixed his signature to the Declaration of Taking and expressed strong opinions at the Legislature about Defendant HELM. Defense counsel has not provided the Court with any

factual allegation of bias or prejudice, either true or false, toward any specific Territorial Court judge, but rather attempts to claim that the judges of the Territorial Court are docile servants of the Presiding Judge and must always please their master. The Court is flabbergasted that someone having defense counsel's background and first-hand experience in the Virgin Islands judicial system would present such an asinine argument.

■ Contrary to Defense counsel's belief, the Presiding Judge of the Territorial Court is not the "boss" of the judiciary. **Each Territorial Court Judge is appointed by the Governor of the Virgin Islands with the authorization of Legislature.** *V.I. Code Ann. tit. 4 § 72(a) (1997) (emphasis added).* The Presiding Judge has the authority to place the Governor-appointed judge in a certain division of the Court, but has **no** authority to appoint or remove judges from the Territorial Judiciary. *V.I. Code Ann. tit 4 § 72b(a) (1997).* While the Presiding Judge oversees the daily administration of the Court, the Presiding Judge does not have the power to interfere with the fair and impartial exercise of judicial duties. The Territorial Court judges are free to rule on matters of law in accordance with their understanding of the law. This can and has resulted in situations where a Territorial Court judge has disagreed with the Presiding Judge on the effect and requirements of laws. *See Government of the Virgin Islands v. King*, 31 V.I. 78 (Terr. Ct. St. C. 1995); *Government of the Virgin Islands v. Smalls*, 32 V.I. 157 (Terr. Ct. St. T. and St. J. 1995).

Furthermore, perhaps defense counsel has forgotten how the appellate process from Territorial Court decisions is structured. Any appeal from the Territorial Court is heard in the Appellate Division of the District Court. The Division consists of three (3) judges, one of which is **an assigned judge of the Territorial Court.** *Revised Organic Act of 1954, § 23A(b), Pub. L. 98-454, Title VII, § 705, 98 Stat. 1739(1984); LRCi 76.1 (1999).* This three judge panel has the power to "affirm, modify, vacate, set aside or reverse bf any judgment or order appealed from and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." *V.I. Code Ann. tit. 4 § 33 (1997) (emphasis added).* There have been judgments or orders on appeal, entered by the

Presiding Judge, in which the Territorial Court judge on the appellate panel has deemed reversal or annulment of said judgments or orders appropriate. *See In re Leroy Richards,* D.C. Civ. App. No. 123/1997 (Appellate panel which unanimously held that Territorial Court Rule 128 exceeded the Court's rule-making authority granted by Congress). The Court will not condone defense counsel's unjustified attempt to smear the entire Territorial Judiciary.

 V.I. Code Ann. tit. 4 § 284(4) (1997) states that "[n]o judge shall sit or act as such in any action or proceeding . . . [w]hen it is made to appear probable that, by reason of bias or prejudice of such judge, a fair and impartial trial cannot be had before him." Generally, factual allegations of bias or prejudice of the judge must be accepted as true regardless of the truth or falsity thereof. *Government of the Virgin Islands v. Gereau, et. al.,* 11 V.I. 265, 296, 502 F.2d. 914 (3d. Cir. 1974). Nonetheless, the *Gereau* Court also held that "the Virgin Islands Code . . . requir[es] the facts alleged by the party arguing disqualification to reflect a clear **probability** that *the judge is biased against that party." Id. (emphasis added).* Defense counsel has not offered one factual allegation to support the conflict of interest claim against any judge. Instead, defense counsel, in his desperation to disqualify the Territorial Judiciary, has resorted to conclusory statements completely unsupported by any person-specific factual allegations which raise a probability of bias. Working within the parameters of the general rule and the mandates of V.I. Code Ann. tit. 4 §§ 284(4) & 286 (1997), the Court holds that when a group of judges is accused of bias or prejudice, the movant must present specific factual allegations against each member of said group in order to succeed on the motion. If the Court held otherwise, movants would be allowed to defame the entire group with broad, sweeping allegations of bias or prejudice without having to provide the requisite factual allegations supporting their claim as required by law.

DATED September 24, 1999